# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of North Dakota, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:13-cv-60 |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Peter John Grzeskowiak, ) | |
| ) | |
| Defendant. ) | |

Peter John Grzeskowiak ("Grzeskowiak ") filed a notice of removal of a criminal case, in which he is the defendant, that is currently being prosecuted in the state district court. (Doc. # 5, p. 1). Grzeskowiak is facing charges for three misdemeanors, including one count of physical obstruction of a government function and two counts of mistreating animals. (Doc. #5-1). The notice of removal should not be permitted because the case is not of the type that is allowed to be removed to federal court. It is **RECOMMENDED** that the case be **REMANDED** to the state district court.

A defendant in a criminal case that has been commenced in the state district court may remove the action to federal court only in limited circumstances such as when the defendant is a federal officer, a member of the armed forces, or in certain cases involving civil rights. See 28 U.S.C § 1442 (federal officer removal statute); 28 U.S.C. § 1442a (members of armed forces removal statute); 28 U.S.C § 1443 (removal of cases involving civil rights). Grzeskowiak is not a federal officer or a member of the armed forces. Removal of the criminal action is not authorized under 28 U.S.C. §§ 1442 or 1442a.

The statute that allows for the removal of criminal cases involving civil rights provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>>
>> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

To remove a case to federal court under subsection (1) Grzeskowiak must allege, among other things, that he is being denied rights under a federal law "providing for specific civil rights stated in terms of racial equality." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Id. Grzeskowiak's criminal case cannot be properly removed to federal court under subsection (1) because he does not allege any claims relating to racial discrimination.

Subsection (2) of 28 U.S.C. § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 810 (1966). Grzeskowiak is not a federal officer and was not assisting a federal officer in the performance of their duties. Grzeskowiak's criminal case cannot be properly removed under subsection (2).

This case is not of the type that is allowed to be removed to federal court. See 28 U.S.C §§ 1442, 1442a, and 1443. It is **RECOMMENDED** that the case be **REMANDED** to the state district court.

Dated this 22nd day of August, 2013.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than September 6, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.